UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN D. SHANES, | 1: 06 CV 00706 OWW WMW HC |
|         Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 11] |
| I. D. CLAY, | |
|         Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

Petitioner is a state prisoner serving a four year sentence for second degree burglary (Penal Code § 459) and corporal injury of spouse (Penal Code § 273.5).

Petitioner filed a petition for writ of habeas corpus with the California Superior Court. The Court denied the petition on December 15, 2005, for failure to exhaust administrative remedies,

with a citation to In re Dexter, 25 Cal.3d 921 (1979). Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which denied the petition without comment on January 12, 2006. Finally, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which denied the petition with a citation to Dexter on February 22, 2006.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will

not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

EXHAUSTION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

1  full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.
2  Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
3  1996).  A federal court will find that the highest state court was given a full and fair opportunity to
4  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
5  basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
6  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
7  must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,
8  513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For
9  example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
10 say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A
11 general appeal to a constitutional guarantee is  insufficient to present the "substance" of such a
12 federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
13 (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
14 argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074
15 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional
16 guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

**DISCUSSION**

18     In this petition for writ of habeas corpus, Petitioner alleges that he was improperly classified
19 by the California Department of Corrections and Rehabilitation as having a violent felony
20 conviction.  Petitioner raised this same claim in his three state court habeas corpus petitions.
21     Respondent moves to dismiss this petition for writ of habeas corpus on the grounds that
22 Petitioner has failed to state a claim warranting federal habeas corpus relief and that he has failed to
23 exhaust state judicial remedies.  Petitioner has not responded to the motion to dismiss.
24     In regard to the first ground, Respondent argues that while a federal habeas corpus petition is
25 the correct vehicle for a prisoner to challenge the legality or duration of his confinement, neither of
26 these is altered by Petitioner's classification.   The court finds that Respondent is correct in claiming
27 that the classification documents show that Petitioner's credit earning status and classification did
28 not change after the previous violent felony was documented: Petitioner's custody remained at

Medium A, his credit earning status was still A-1, and he stayed on the waiting list for the Vocational Masonry Program. Further, the fact or duration of Petitioner's sentence remained unchanged. Thus, the court finds that Respondent is correct in contending that Petitioner's claim that the California Department of Corrections and Rehabilitation failed to correctly classify him pursuant to its own regulations does not state a claim for federal habeas corpus relief.

In regard to the second ground, Respondent contends that Petitioner has failed to exhaust his state remedies regarding his classification because his state petition was denied by the California Superior Court, Court of Appeal and Supreme Court for procedural reasons, i.e., failure to exhaust his state administrative remedies. In <u>Roettgen v. Copland</u>, 33 F.3d 36, 38 (9th Cir. 1994), the Ninth Circuit explained:

> A petitioner has not satisfied the exhaustion requirement unless he has fairly presented his claim to the highest state court. <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986). Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation. <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

As Respondent argues, the denial of Petitioner's state court petitions on procedural grounds is insufficient to demonstrate that he has fully exhausted his state remedies because the state courts were deprived of the opportunity to rule on the merits of the claims. Accordingly, the court concludes that this petition must be dismissed for failure to exhaust state judicial remedies.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED:
2) that this petition for writ of habeas corpus be DISMISSED for failure to state a claim for federal habeas corpus relief and for failure to exhaust state judicial remedies;
3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304

of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 28, 2008**              /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE